IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ABEL,

    Petitioner,                        No. CIV S-11-0721 GEB GGH P

    vs.

FRANK X. CHAVEZ, Warden,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding with retained counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee. Petitioner was tried by a jury and was convicted of two counts of continuous sexual abuse of his step-son and daughter in 2008 and sentenced to an aggregate state prison term of 24 years, twelve years on each count to be served consecutively. Petition, pp. 2, 18, 20. The pending petition sets forth the following grounds: 1) petitioner's "Sixth Amendment right to confrontation and his Fifth Amendment right to due process and a fair trial" were violated by "admission of evidence garnered from a foreign cyber investigation"; 2) "trial court committed prejudicial error," depriving petitioner "of his constitutional rights to an impartial jury and the effective assistance of counsel when it denied defense counsel's motion to rule on the admissibility of key evidence prior to voir dire." Petition, pp. 13, 36, 46.

\\\\

1

Simultaneously, with the filing of the petition, on March 16, 2011, petitioner filed a motion for a stay and abeyance, pending exhaustion of two of the three claims raised by the petition, one claim having been previously exhausted. See Motion. Petitioner indicates in his motion that the unexhausted claims are already pending in state court, that is, prior to the filing of the instant petition. By order, filed on March 23, 2011, respondent was directed to file a response to the motion to stay. Respondent was granted an extension of time and filed an opposition. See docket # 10 and # 11.

Although petitioner characterizes the number of claims raised in the instant petition as three, with one previously exhausted on direct appeal (Motion, p. 1), it appears that respondent has more correctly noted that petitioner raises two grounds, the first of which has been exhausted; the second ground, which is unexhausted, containing two additional unexhausted claims. Opposition (Opp.), at 3. Petitioner frames the following as the claims presently being litigated in state court (numbered 1, 3 and 4, which further somewhat confused the issue, because they are three and not two claims):

> 1) A Fifth, Sixth and Fourteenth Amendment claim that the trial court denied Mr. Abel his right to a fair jury trial, and the effective assistance of trial counsel, in denying defense counsel's request to rule on the admissibility of key evidence prior to voir dire.
>
> 3) A Fifth, Sixth and Fourteenth Amendment claim alleging ineffective assistance of appellate counsel in failing to raise this issue on appeal;
>
> 4) A Fifth, Sixth and Fourteenth Amendment cumulative error claim.

Motion, p. 3.

As another basis for a stay, petitioner argues that the state collateral proceedings may be dispositive, rendering action in this court moot. Id.

Petitioner seeks a stay pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005). In Rhines, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for

a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S.Ct at 1535. Respondent does not argue that the current petition is untimely in this court and does not dispute that once petitioner's state court remedies on the pending claims are exhausted, the AEDPA statute of limitations would not expire for another thirteen days. Opp., p. 2. In addition, respondent expressly agrees that petitioner's failure to exhaust prior to filing the federal petition in no way appears to arise from any effort to delay proceedings and likewise agrees that the unexhausted claims are not plainly meritless. Id., at 4. Respondent solely raises an issue with respect to petitioner's showing regarding good cause, which the state maintains petitioner does not establish. Id.

While not defining the precise parameters of what constitutes good cause in the failure to exhaust context, the Ninth Circuit has held "that the application of an 'extraordinary circumstances' standard does not comport with the 'good cause' standard prescribed by Rhines." Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005). Citing Rhines, 544 U.S. at 278, 125 S. Ct. 1528, the Supreme Court has suggested that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Pace v. Digulielmo, 544 U.S. 408, 416, 125 S. Ct. 1807, 1813 (2005). The undersigned has previously stated:

> [T]he criteria utilized in Pioneer Inv. Services v. Brunswick Associates, 507 U.S. 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), in defining "excusable neglect" works well with the good cause referenced in Rhines. That is, the court will look to factors such as prejudice to the non-moving party, length of the delay and its effect on efficient court administration, whether the delay was caused by factors beyond the control of the movant, and good faith. Id. at 386, 396, 113 S.Ct. at 1493, 1498. The fact that counsel was even negligent does not per se disqualify counsel from a finding of excusable neglect. Id. at 394-395, 113 S.Ct. at 1498. However, whether it is inappropriate to penalize a client for the actions of his lawyer is not a factor to be considered. Id. at 396, 113 S.Ct. at 1499.

Corjasso v. Ayers, 2006 WL 618380, at *1 (E.D. Cal. 2006).

The district judge, however, in otherwise adopting the findings and recommendations above, maintained:

> However, the portion of the F & Rs in which the Magistrate Judge defines "good cause" by using the same factors that are used to define "excusable neglect" in Pioneer Inv. Services v. Brunswick Associates, 507 U.S. 394 (1993), a bankruptcy case, is not adopted, since it is more appropriate to use the same standard a habeas petitioner must satisfy in a procedural default case. "[T]o show "cause" for a procedural default, a petitioner ordinarily must show that the default resulted from an objective factor external to the petitioner which cannot fairly be attributed to him or her." Hernandez v. Sullivan, 397 F.Supp.2d 1205, 1206-07 (C.D.Cal.2005). Here, counsel's oversight does not constitute cause. Cf. Johnson v. Sullivan, 2006 WL 37037, at *3 (C.D.Cal. Jan. 4, 2006) ("[A]n error of appellate counsel on a discretionary appeal ... cannot constitute cause to excuse a procedural default in a federal habeas proceeding. Counsel's failure to raise the issue cannot be deemed 'good cause' for the failure to exhaust state remedies.").

Corjasso v. Ayers, 2006 WL 1581787, at *1 (E.D. Cal. 2006).[1]

It has elsewhere been observed that some courts have adopted the procedural default standard as the cause standard in Rhines context. Riner v. Crawford, 415 F. Supp.2d 1207, 1209-10 (D. Nev. 2006) (citing as the only in-circuit case, Hernandez v. Sullivan, 397 F.Supp.2d at 1207). However, the Riner court also went on to note that, cases "such as Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005), and the remanded Rhines v. Weber, 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005), conclude that the cause standard of Rhines requires a lesser showing than that for procedural default." Id., 415 F. Supp.2d at 1210. The district judge in Riner also noted, among the districts courts, a split of authority on the question of whether

---

[1] As respondent observes, however, at least one district court has followed the reasoning of the undersigned. Opp., p. 5, citing Hoyos v. Cullen, 2011 WL 11425, at * 9 (S.D. Cal. 2011)("this Court is persuaded that a standard of 'excusable neglect' is an appropriate and reasonable standard to apply to an analysis of good cause under Rhines"). In reaching that determination, the Hoyos court noted that "[a] number of other district courts have discussed the good cause standard, and found the application less stringent than that required to establish cause to overcome procedural default." Id.

ineffective assistance of post-conviction counsel constitutes good cause to allow a stay of a federal petition, observing that at least five district courts have found that such a claim did qualify as good cause for failing to exhaust in state court and at least three did not. Id., at 1210-11. The Riner court concluded that:

> the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

Riner, 415 F. Supp.2d at 1211.

      Petitioner's counsel, who represents that he has filed numerous state habeas petitions and has served as counsel for criminal defendants in state and federal habeas proceedings for thirty years, warrants that he has filed the state court habeas petition in this case well within the time frame for non-capital case petitioners and he believes, based on his experience, that the state court habeas petition will be deemed timely and thus toll the AEDPA statute, although he also concedes, in the absence of a prescribed statutory specific time frame, 100 per cent certainty cannot be predicted. Motion, Declaration of Cliff Gardner (docket # 4-1), ¶¶ 5, 8.

      Petitioner's counsel sets forth that judgment was final in this case, and the AEDPA statute began to run, as of March 17, 2010 (90 days after the state Supreme Court's denial of review of December 17, 2009[2]); that during the direct appeal the state court did not appoint state habeas counsel; that petitioner being indigent, his family had to seek counsel for him and was finally able to do so in November of 2010; and that within four and half months, petitioner's counsel had completed his investigation of potential habeas claims, claims of which

---

[2] Jimenez v. Quartermain, 555 U.S. 113, 129 S. Ct. 681, 685 (2009); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

1   the petitioner was "totally unaware" and which were not raised only because appellate counsel
2   failed to raised them.  Motion, pp. 4, 8, Gardner Dec., ¶ 3, Declaration of petitioner John Abel, ¶
3   2, Declaration of Fran Abel, ¶ 2-3.  Petitioner points to a number of district court cases where
4   stays have been imposed in circumstances where the petitioner was unaware of the potential
5   claims and were not included on appeal only because appellate counsel did not raise them.
6   Motion, p. 8, citing Chavez v. Yates, 2010 WL 411327 at *1 (E.D. Cal. 2010) (finding good
7   cause to stay petition including unexhausted claim of ineffective assistance of appellate counsel,
8   where, inter alia, petitioner did not appear to have engaged in abusive litigation tactics or
9   intentional delay)[3]; Fleming v. Cate, 2009 WL 3379122 at *1 (E.D. Ca. 2009) (finding good
10  cause for a stay based on petitioner's diligence in pursuing exhaustion of a potentially
11  meritorious unexhausted claim where there is no evidence of intentionally dilatory litigation
12  tactics); Collier v. Tilton, 2007 WL4356656 at *4 (E.D. Cal. 2007) (same)[4]; accord, Lopez v.
13  Cate, 2010 WL 924295 at *1 (N.D. Cal. 2010) (granting a stay under Rhines, noting that claims
14  were unexhausted because appellate counsel did not raise them on appeal); Redic v. Marshall,
15  2009 WL 585843 at *1 (N.D. Cal. 2009) (finding good cause for a stay under Rhines where
16  appellate attorney did not include claims on appeal); Roam v. Runnels, 2006 WL 821941 at *1
17  (N.D. Cal. 2006) (finding good cause to stay petition where unexhausted claims included
18  ineffective assistance of appellate counsel claims, noting a state habeas petition was already
19  pending) ; Delongis v. Ollison, 2006 WL 2355073 at *1 (N.D. Cal. 2006) (finding good cause for
20  a Rhines stay where even a small delay in notification by state court after exhaustion could cause
21  a petitioner's rights under AEDPA to be forfeit where there was only a twelve-day window post-
22  exhaustion for timely filing); Medina v. Woodford, 2006 WL 2844578 at *3 ("the ineffective

---

[3]  Findings and Recommendations (F&Rs), adopted by Order, filed on March 10, 2010 (docket # 20), in Case No. CIV 09-1876 KJM DAD.

[4]  F&Rs adopted by Order, filed on January 29, 2008 (docket # 21), in Case No. CIV 07-0761 LKK CHS.

assistance of appellate counsel provides petitioner good cause for failure to exhaust under Rhines" ); Huyhn v. Carey, 2006 WL 3334923 at *1 (N.D. Cal. 2006) (same); Brown v. Carey, 2007 WL 1223837 at *2 (N.D. Cal. 2007) (same); Wright v. Hedgpeth, 2008 WL 2557972 at *2 (N.D. Cal. 2008)("good cause exists for [petitioner's] failure to exhaust these claims on direct appeal because his claims could be raised by way of state habeas corpus").

Interestingly, it is respondent, in acknowledging the cases petitioner has cited that support a finding of good cause for a claim of ineffective assistance of post-conviction counsel, who quotes extensively from one of the few cases which, as respondent observes, actually engages in some discussion of the issue, as follows:

> Alternatively, the Court concludes that the ineffective assistance of appellate counsel provides Petitioner good cause for failure to exhaust under Rhines. Petitioner has alleged that ineffective assistance of appellate counsel caused the failure to exhaust the unexhausted claims. Answer 7.  The district court stated on remand in Rhines that ineffective assistance of counsel is analogous to the "reasonable confusion about whether a state filing would be timely" that the United States Supreme Court said constituted good cause in Pace v. DiGulielmo, 544 U.S. at 416.  Rhines v. Weber, 408 F.Supp.2d 844, 849 (D.S.D.2005).  This Court agrees. The Court also concludes that ineffective assistance of appellate counsel is a circumstance over which petitioner had little or no control, thus satisfying the Riner standard.  Petitioner has described multiple failures of appellate counsel in one of the claims in his federal petition. Federal Petition 22-23. Respondent has not argued that Petitioner was adequately represented on appeal and nothing in the record indicates that the claims of ineffective assistance of counsel are frivolous. The Court therefore concludes that ineffective assistance of counsel constitutes good cause under Rhines.

Opp., p. 7, quoting Medina v. Woodford, 2006 WL 28844578, at *3.

Respondent goes on to argue that such reasoning is unpersuasive, that petitioner should be bound by his counsel's actions and that holding that an ineffective assistance of post-conviction counsel claim constitutes good cause for a failure to exhaust state court remedies would make stays of mixed petitions the rule rather than the exception. Opp., p. 7. The Ninth Circuit has said that a petitioner does not show good cause for failing to exhaust state court

7

remedies where a petitioner states he was "'under the impression'" that his appellate counsel had raised all of the issues before the state Supreme Court that he had raised in the state Court of Appeals. Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008). To stay a mixed petition on the basis that a petitioner lacks knowledge that a claim has not been exhausted would allow "virtually every habeas petitioner" to be able to "argue that he *thought* his counsel had raised an unexhausted claim..." in order to obtain a stay. Id. [Emphasis in original]. However, the instant request for a stay is not predicated on such a claim. Instead, here respondent has conceded that petitioner was neither intentionally dilatory and that the unexhausted claims are not meritless. Moreover, petitioner's counsel has demonstrated diligence in investigating the case and filing a state court petition of a new, unexhausted ground prior to filing the instant federal petition and both counsel and petitioner have declared that petitioner was wholly ignorant of the ground counsel has now raised. The court finds that petitioner has shown the requisite good cause to warrant a stay. In addition, one of counsel's primary concerns in seeking the stay even though some thirteen days had yet to run on the AEDPA statute when he filed the instant federal petition is that, according to petitioner, the state court's electronic notification system is not always reliable in providing timely notice. Id., at ¶ 7. This is a practical consideration that has been found to justify a stay. Delongis v. Ollison, 2006 WL 2355073 at *1. Moreover, as petitioner has maintained, should petitioner be granted the relief he seeks in state court, petitioner is correct that the necessity for litigating his claims in this court would be obviated.

   Accordingly, IT IS HEREBY RECOMMENDED that:

   1. Petitioner's motion for a stay and abeyance, filed on March 16, 2011 (docket # 4), be granted; and

   2. Petitioner be directed to inform the court within thirty days of any decision by the state Supreme Court.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2011

                                                        /s/ Gregory G. Hollows
                                         UNITED STATES MAGISTRATE JUDGE

GGH:009
abel0721.mtn